IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

Khalifah H. Al-Faruq ______ )
(Full Name) (Register No.) )

Plaintiff(s),

v.

No. 02-3358-CV-S-Red

Jeremy Whitehill, et.al. )
(Full Name) )

Defendant(s).

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. Place of present confinement of plaintiff(s): 110 W. Elm, Ozark, Missouri 65721

II. Parties to this civil action:

Please give your commitment name and any other name(s) you have used while incarcerated.

A. Plaintiff: Khalifah Faruq Register No. ______
Address: 110 W. Elm, Ozark, Mo. 65721

B. Defendant Jeremy Whitehill
is employed as Officer
at Christian Co. 110 W. Elm Ozark, Mo 65721

For additional plaintiffs or defendants, provide above information in same format on a separate page.

5/96

III. Do your claims involve medical treatment? Yes ✓ No ___

IV. Do you request a jury trial? Yes ✓ No ___

V. Do you request money damages? Yes ✓ No ___

State the amount claimed. $________/________ (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur? Yes ✓ No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?

Yes ✓ No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution? Yes ✓ No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)

Cruel and Unusual Punishment; Prisoner abuse; Assult; Violion of Missouri statutes; Due Process denial; State and Fed. Protected Rights Violations (see attachment)

D. If you have not filed a grievance, state the reasons.

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case? Yes ___ No ✓

B. Have you begun other cases in state or federal courts relating to the conditions of or your treatment while in confinement? Yes ✓ No ___

C. If your answer is "yes," to either of the above questions, provide the following information for each case.

(1) Style: Khalifah Faruq v Christian Co. Jail et, al.
(Plaintiff) (v.) (Defendant)

(2) Date filed: On or about January 22, 2002

(3) Court where filed: Christian County, Ozark, Mo.

(4) Case number and citation: CV102-87CC.

(5) Basic claim made: State and Fed. Constitutional violations, Prisoner abuse, Denial Due Process, (see attachment)

(6) Date of disposition: N/A

(7) Disposition: pending
[(pending) (on appeal) (resolved)]

(8) If resolved, state whether for:
N/A
[(plaintiff) or (defendant)]

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

1. Plaintiff was moved from E-Pod to B-Pod due flooding due to another prisoner.
2. Plaintiff was placed in cell 137 and told by officer Bice, whom did ask defendant Wallace, that I wasn't being locked down.
3. After the door was slammed shut, in my face def. Bice said, "you said you wasn't going to lock him down!" (see attachment)

B. State briefly your legal theory or cite appropriate authority:

U.S.C. 1st, 14th par. 1, Art IV §2, 8th, Art. IV §4, 5th, Art. 1 §9 par. 3, 13th par. 1, 6th Amendment(s); Mo. Const. Art. 1 sect. 18(a), Art 1 sect. 10, Art. sect. 2, Art. 1 sect. 13; (see attachment

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.

Remove defendant Whitehill and Wallace from holding any position in State or Federal Civil Services; Order implementation of a Minimal (see attachment)

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.

N/A

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action? Yes ✓ No ___

If so, state the name(s) and address(es) of each lawyer contacted.

see attachments

If not, state your reasons.

N/A

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes ✓ No ___

If so, state the lawyer's name and address:

Patrick Whalen
Kansas City, Mo.

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 5 day of November, 20 02

[signature]

(Signature(s) of Plaintiff(s))

Attachment Form 1

Section II subsection B Continued

1. Defendant Joey Matlock employed as Sheriff at Christian County 110 W. Elm, Ozark, Mo. 65721
2. Defendant Hammer employed as Chief Admin. at Christian County 110 W. Elm, Ozark, Mo. 65721
3. Defendant Wallace 110 W. Elm, Ozark, Mo. 65721 employed as Jailor at Christian County
4. Defendant Bill Bice employed as Road Deputy at Christian County 110 W. Elm, Ozark, Mo. 65721
5. Defendant Dan Pool employed as Medical Nurse at Christian County 110 W. Elm, Ozark, Mo. 65721

Section VI subsectioal C Continued

1. Denial of hearing by Internal Affairs Dept.
2. Deliberate Indifference by Medical Nurse
3. Deliberate Professional Abuse
4. Crime of Omission or Failure to act

Section VIII subsection C(5)

1. Cruel and Unusual Punishment
2. Assult
3. Deliberate Indifference by Medical Unit
4. Violation of the Grievance Procedure (RSMo)
5. Deliberate Indifference by Administration Dept.
6. Harrassment

Section X Continued

Procedural Due Process in sanctions of discipline and punishments: remove my personal letters, tapes

Attachment Form 2

memo's, reports, video's that indicate, assumes in forms of computerized data that can be put into legal information or readable information which proports to discipline or punishments for failure of defendants to follow Minimal Due Process under the law and right of Plaintiff; and an amount of cash for the pain and suffering that Plaintiff has endured and continues to suffer physically and mentally and for the traumatic experience in this specific incident.

Section IX Subsection A-Continued

4. Defendant Wallace stated, "I lied!" and walked away.
5. Plaintiff struck the steel door with his fist bringing def. Wallace, Whitehill, Bice and several un-named official to my cell door.
6. Def. Wallace stated, "you're on lock-down now and I want all your non-adseg. property."
7. While Plaintiff was complying def. Whitehill walk in the cell behind Plaintiff and up on Plaintiff's left side striking, with a medal object and releasing a chemical agent, Plaintiff's face and left eye&area injuring and blinding Plaintiff.
8. Plaintiff was shoved to the right then slammed to the floor in another rightward direction

Attachment Form 3

9. Plaintiff was shackled at the ankles and cuffed ~~bh~~ behind the back and blinded ~~bu~~ by the chemical agent, completely incapacitated.

10. Plaintiff heard def. Whitehill giving directions then Plaintiff felt only def. Whitehills' hands as he adjusted himself on the left side and over the back of Plaintiff placing an arm under the chin and around the throat of Plaintiff and did choke until completly unconscious leaving ~~at~~ Plaintiff lying on the floor.

11. When Plaintiff did gain conscious def. Whitehill state, "this is gonna happen to you every-time ~~you~~ we come over ~~her~~ here because of you!"

12. Someone began pouring water of Plaintiff left eye and face in an attempt to aide Plaintiff regain sight ~~and~~ during Plaintiff did see and hear def. Wallace laughing and slapping the back of def. Whitehill all the while stating "good job" reppeatedly.

13. Plaintiff suffered permanent scars on both wrists, infection to both eyes, throat injury which remained swollen more than (2) weeks.

14. That the Nurse Pool never referred me to the doctor even though my eyes got worse throat stayed swollen.

15. That when I grieved the abuse, neglect,

Attachment Form 4

deliberate intention of Whitehill, Wallace the defendant Hammer in all the answers he ~~doesnt~~ doesn't once deny the act but condone the application of abuse by det. Whitehill and denied my request for an Internal Affairs Investigation and review

16. Plaintiff was never given a review or hearing on the matter, yet, punished and disciplined without a chance to dispute the allegations used to confine Plaintiff for (30) thirty days and every grievance was never investigated but summarily denied.

17. Sheriff Joey Matlock is fully responsible for all actions of employee's and officials in the Christian County Sheriff Department.

Attachment 5

Sandin v. Conner, 515 U.S. at 481-84

Taylor v. Rodriguez, 238 F3d 188, 195 (2n Cir 2001)

Cochran v Morris, 73 F3d 1310, 1318 (4th Cir 1996)

Eason v. Thaler, 73 F3d 1322, 1326 (5th Cir 1996)

Franklin v. D.C., 163 F3d 625, 634 (D.C. Cir 1998)

Brooks v DiFasi, 112 F3d 46, 49 (2nd Cir 1997)

Harper v Young, 64 F3d 563, 564 (10th Cir 1995)

Sample v. Diecks, 885 F2d 1099, 1115-16 (3rd Cir 1989)

Howard v. Grinage, 6 F3d 410, 413 (6th Cir 1994)

Hutto v Finney, 437 U.S. 678, 685 (1978)

Gregg v. Ga., 428 U.S. 153, 173 (1976)

Wilson v. Seiter, 501 U.S. 294, 298 (1991)

~~R~~ Rhodes v. Chapman, 452 U.S 337 (1981)

Gamble, 429 U.S. 105-6

Hathaway v. Coughlin, 99 F3d 550, 553 (2nd Cir 96)

~~What~~ Watson v. Caton, 984 F2d 537, 540 (1st Cir 1993)

Harrison v. Barkley, 219 F3d 132, 138 (2nd Cir 2000)

Hegman, 193 F3d 153, 159-60 (5th Cir 1999)

Whitley v Albers, 475 U.S. 312, 319-20 (1986) quotes Johnson v. Glick, 481 F2d 1028, 1033 (2nd Cir 1973)

Johnson v. Lucas, 786 F2d 1254, 1257 (5th Cir 1986)

Estate of Davis by Ostenfeld v. Delo, 115 F3d 1388, 1394-95 (8th Cir 1997)

Gutierrez v. City of San Antonio, 139 F3d 441, 452 (5th Cir 1998)

Lenzmyer v Kendall County, 220 F3d 805, 810 (7th Cir 00)

Valencia v. Wiggins, 981 F2d 1440, 1447 (5th Cir 1993)

Attachment Form 6

Revised Statutes of Missouri

§590.070.4, §565.120, §565.130, §220.120, §191.170,

§191.090 §221.020

Christian County Detention Center

Rules and Regulations

Sections #6, #13 and #19

COUNTY SHERIFF'S DEPARTMENT — JAIL DIVISI

Exhibit 1

INFORMAL REQUEST FOR REMEDY
LEVEL 2

TIME : 2230 HOURS

DATE : 7-9-02

INMATE NAME : Faruq

CELL # : 136

DATE AND TIME OF INCIDENT : 7-7-02

LOCATION OF INCIDENT : B-Pod

COMPLAINT (PLEASE EXPLAIN IN DETAIL) :

The abuse I suffered at the hands of Mr. Whitehill when I was maced without provocation, my wrist/right hand was/is severely injured and my left eye is slowly going to tunnel vision and my throat is injured from being malicously choked after my hands and feet were shackled and cuffed. This abuse has been condoned by Captain Hammer. I am requesting an Officer from Internal Affairs to review my complaint as Cpt. Hammer is bia[s]

OFFICER TO FILL OUT BELOW ITEMS ONLY

RECEIVED BY OFFICER : [signature] #166 DATE / TIME : 7-10-02 07:30

OFFICERS RESPONSE : your refusal to comply with Verbal orders to lock down in B-Pod resulted in actions being taken to gain compliance. Medical complaints need to be made on the medical service Request form. I am denying your request.

DATE / TIME RETURNED : ______ OFFICER SIGNATURE : Capt Hammer

INMATE SIGNATURE : ______

CHRISTIAN COUNTY SHERIFF'S DEPARTMENT

Exhibit 2

JAIL DIVISI

**INFORMAL REQUEST FOR REMEDY**
**LEVEL #1**

TIME : unknown HOURS

DATE : 7-7-02

INMATE NAME : Khalifah Jones

CELL # : 13C

DATE AND TIME OF INCIDENT : 7-7-02

LOCATION OF INCIDENT : B-Pod

COMPLAINT (PLEASE EXPLAIN IN DETAIL) :

The rules and the abuse to me is uncalled for and the doing away the rules when it suits the administration is cruel and unusual punishment. The actions are deliberate and uncalled for and maliciously and vindictively applied. Requesting the review and interview with the internal Affairs Officer for this police department.

OFFICER TO FILL OUT BELOW ITEMS ONLY

RECEIVED BY OFFICER : [signature] DATE / TIME : 7-9-02 @ 73

OFFICERS RESPONSE : No one has abused you nor has any staff member or myself maliciously or vindictively applied any rules or punishment to you. You have been warned repeatedly on Rule violations instead of being locked down you have been treated no different than any other Inmate in this facility. Your request for an interview with an Internal affairs officer is Denied

DATE / TIME RETURNED : 7/9/02 1715 OFFICER SIGNATURE : Capt [signature]

INMATE SIGNATURE :

CHRISTIAN COUNTY SHERIFF'S DEPARTMENT

Cpl Berkshire 143
07-07-02 0900

JAIL DIVISI

INFORMAL REQUEST FOR REMEDY
LEVEL #1

Whitehill Exhib.

TIME : 0900 HOURS

DATE : 07-07-02

INMATE NAME : K. Farug

Exhibit 3

B Pod CELL # : 136

DATE AND TIME OF INCIDENT : Yesterday date unknown 7-7-02

LOCATION OF INCIDENT : B-Pod

COMPLAINT (PLEASE EXPLAIN IN DETAIL) :

Officer Whitehill being unprovoked did placed a can directly against Mr. Farug's left eye and face and mace the detainee while Mr. Farug was removing articles not allowed in lockdown from his bin. Mr. Whitehill did in fact choke Mr. Farug to unconsciousness after Mr. Farug was prone on the floor, cuffed hands and feet thereby deliberately with malicious intention to cause severe traumatic harm to an individual that did not fight or resist.

OFFICER TO FILL OUT BELOW ITEMS ONLY

RECEIVED BY OFFICER : Capt. Hammer DATE / TIME : 7/8/02 1600

OFFICERS RESPONSE : This appears to be a statement not a request for Remedy

See page 31 Paragraph 4. A. 7 in the Rule Book

DATE / TIME RETURNED : 7/9/02 1715 OFFICER SIGNATURE : Capt Hammer

INMATE SIGNATURE :