# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KHALIFAH W. FARUQ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02-3358-CV-S-RED-P |
| | ) | |
| JEREMY WHITEHALL, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS, SEVERING AND DISMISSING CERTAIN DEFENDANTS, AND DIRECTING REMAINING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND**

This 42 U.S.C. § 1983 civil rights complaint was filed pro se by an inmate at the Christian County Jail (the "CCJ") in Ozark, Missouri. It is here on removal from the Circuit Court of Christian County, Missouri, pursuant to 28 U.S.C. § 1446. An amended complaint (Doc. No. 14) was filed in compliance with the Court's Order of October 8, 2002 (Doc. No. 6). Plaintiff has moved for leave to proceed in forma pauperis without the prepayment of court fees or costs. (Doc. No. 15). However, defendants already have paid the removal fee required for this case, and no other filing fee is required. Therefore, although plaintiff's request for leave to proceed in forma pauperis will be granted, he need not pay a partial, initial filing fee as normally required.

Pursuant to the Prison Litigation Reform Act, the Court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

In his amended complaint, plaintiff names CCJ Sheriff Joey Matlock, CCJ Chief Administrator [first name omitted] Hammer, CCJ correctional officer Jeremy Whitehall, CCJ jailer [first name

omitted] Wallace, CCJ road deputy Bill Bice, and CCJ medical nurse Dan Pool as defendants.[1] Plaintiff alleges that he was subjected to excessive force during an incident involving defendants Whitehall, Wallace and Bice. Plaintiff also alleges he was disciplined for an incident without due process. In addition, plaintiff contends that he was denied medical care for injuries sustained during the incident. Plaintiff seeks monetary damages for his injuries, the removal of defendants Whitehall and Wallace from their positions, and the implementation of due process in CCJ disciplinary procedures.

## Defendant Matlock

Although plaintiff names Sheriff Matlock as a defendant, he has not described in his complaint any action by Matlock at all, much less any actions which may have deprived plaintiff of a federally protected right. If plaintiff is contending that Matlock is involved in the denial of his federally protected rights due to his overall responsibility for the operation of the Christian County Jail, he is attempting to state a claim against Matlock under a theory of respondeat superior, which is not an actionable claim under Section 1983. See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); Monell v. Department of Social Serv. of the City of New York, 436 U.S. 658 (1978); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Marchant v. City of Little Rock, 741 F.2d 201, 204-205 (8th Cir. 1984). Because plaintiff has failed to state a constitutional claim against defendant Matlock, his claims against him will be severed and dismissed and he will be dismissed as a defendant in this case.

## Defendant Hammer

Plaintiff contends that he was disciplined for a conduct violation without due process because

---

[1]Only Whitehall was named as a defendant in plaintiff's original complaint. The other defendants were added when plaintiff filed his amended complaint.

defendant Hammer did not conduct a police "internal affairs" investigation or a hearing. It is not clear from plaintiff's complaint whether he is a pretrial detainee or a convicted prisoner serving a sentence in the CCJ. However, even assuming he was a pre-trial detainee, the prohibition against punishment of such a detainees does not entail a "prohibition on the imposition of discipline for misconduct of a detainee." Smith v. Copeland 892 F. Supp. 1218 (E.D. Mo) (1995) (*interpreting* Bell v. Wolfish, 441 U.S. 520 (1979)), *aff'd*, 87 F. 3d (8th Cir. 1996). Additionally, due process "does not require particular procedural mechanisms of notice, hearing or specific findings, right to counsel, or independent investigation of charges." Id. at 1233. Rather, all that is required is "some evidence" that the detainee has committed the conduct for which the restriction is being administered. Id. at 1233. Because plaintiff was not entitled to a hearing or an "internal affairs" investigation, his claims against defendant Hammer will be severed and dismissed, with prejudice, for failure to state a claim and Hammer will be dismissed as a defendant in this case.

**Remaining Defendants Whitehall, Wallace, Bice and Pool**

Granting plaintiffs claims against remaining defendants Whitehall, Wallace, Bice and Pool a liberal construction, see Haines v. Kerner, 404 U.S. 519 (1972), they are not totally frivolous. If the remaining allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. 42 U.S.C. § 1997e(g)(2). Therefore, remaining defendants Whitehall, Wallace, Bice and Pool will be directed to answer or otherwise respond to plaintiff's allegations.

Accordingly, it is **ORDERED** that:

(1) plaintiff's request of leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is granted;

(2) plaintiff's claims against defendants Matlock and Hammer are severed and dismissed, with

prejudice, for failure to state a claim, and they are dismissed as defendants in this case;

(3) defendant Whitehall is directed to file an answer to plaintiff's amended complaint (Doc. No. 14) within 20 days from the date of this Order;[2]

(4) the Clerk of the Court shall issue appropriate summons to defendants Wallace, Bice and Pool as authorized by Fed. R. Civ. P. 4, and shall deliver the summons, the amended complaint (Doc. No. 14), and a copy of this Order to the United States Marshal for service of process;

(5) the United States Marshal shall attempt service of process of the summons, the amended complaint (Doc. No. 14), and a copy of this Order upon defendants Wallace, Bice and Pool as directed by Fed. R. Civ. P. 4; and

(6) defendants Wallace, Bice and Pool shall answer or otherwise respond to plaintiff's complaint within twenty (20) days from the date of service as required by Fed. R. Civ. P. 12.

/s/ Richard E. Dorr
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: December 17, 2002

[2]Defendant Whitehall already was served with summons prior to removal from state court. Therefore, additional service on Whitehall is not required.